

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-2008

# Navarro-Celis v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Navarro-Celis v. Atty Gen USA" (2008). *2008 Decisions.* Paper 339.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/339

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2572

———————

RICHARD ALEXANDER NAVARRO-CELIS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-452-570)
Immigration Judge: Honorable Henry S. Dogin

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 22, 2008

Before:  FUENTES, WEIS and GARTH, <u>Circuit Judges</u>.

(Opinion filed: October 22, 2008)

———————

OPINION

———————

PER CURIAM.

Richard Navarro-Celis, a native and citizen of Venezuela, arrived in the

United States in October 2003 on a non-immigrant B-2 visa.  He overstayed his admission

1

period and, in March 2004, was charged with removability pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)]. Navarro-Celis conceded his removability but applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"), claiming persecution on account of political opinion.

In his asylum application and testimony before the Immigration Judge ("IJ"), Navarro-Celis claimed that he was an active member of a political party known as COPEI from the early 1990s until his arrival in the United States. As a party member, he would transport local candidates, coordinate meetings, distribute flyers, and participate in demonstrations and marches. He started experiencing problems as a result of his political affiliation following the ascendancy of Venezuela's President Hugo Chavez, who is the leader of a rival party known as the Fifth Republic Movement. Navarro-Celis alleged that in April 2002 he attended a large anti-government demonstration in Caracas, Venezuela, at which time opposition leaders were nearly successful in seizing power from President Chavez. Navarro-Celis asserted that, after order was restored, the government began targeting members of opposition parties who participated in the demonstration. He alleged that in June 2002 he started receiving threatening phone calls from anonymous individuals. He also claimed that individuals working for the government attempted to intimidate him by throwing rocks at the windows of his house, vandalizing his car, confronting him on the street, and threatening his life. Fearing for his safety, he decided to flee Venezuela in October 2003. He believes that he would be persecuted if removed

2

to Venezuela because his party membership is well-known, his name is on an official list of government dissidents, and other members of opposition parties in Venezuela continue to suffer due to their political affiliation.

The IJ found Navarro-Celis' testimony credible but denied relief on the ground that he had not met his burden of proving eligibility for asylum, withholding of removal, or CAT protection. The IJ stated in his oral decision that none of the events recounted by Navarro-Celis in his testimony rose to the level of persecution and that the evidence did not establish that his fear of future persecution was well founded. The Board of Immigration Appeals ("BIA") affirmed and adopted the decision of the IJ. The BIA further explained that Navarro-Celis had not shown past persecution because neither he nor anyone in his family was arrested or physically harmed as a result of his party membership, and that he had not shown a well-founded fear of persecution because he chose to remain in his hometown for approximately sixteen months after the alleged harassment began. Navarro-Celis filed a petition for review of the BIA's decision.

We exercise jurisdiction to review the BIA's final order of removal under INA § 242(a) [8 U.S.C. § 1252(a)]. Because the BIA adopted the findings of the IJ and also commented on the sufficiency of the IJ's determinations, we review the decisions of both the BIA and the IJ. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). Our review of these decisions is for substantial evidence, considering whether they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998). The decisions

3

must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001)).

An applicant for asylum has the burden of establishing that she is unable or unwilling to return to her home country "because of [past] persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]" INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]; see 8 C.F.R. 208.13(a). Persecution under INA § 101(a)(42)(A) "connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (internal quotations omitted). Mere threats generally do not amount to persecution unless "they are of a highly imminent and menacing nature." Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005).

Navarro-Celis testified that he received an unspecified number of anonymous threats in the months following his attendance at the April 2002 anti-government demonstration. Nothing in the record, however, compels a finding that the threats were sufficiently serious to rise to the level of persecution. Navarro-Celis was neither arrested nor physically harmed at any time after the threats commenced. In addition, throwing rocks at Navarro-Celis' home and vandalizing his car do not constitute persecution. Thus, the BIA properly concluded that Navarro-Celis did not show past persecution on account of political opinion.

4

Substantial evidence also supports the BIA's conclusion that Navarro-Celis failed to demonstrate a well-founded fear of persecution. An applicant claiming a well-founded fear of persecution must "show that he has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility." Abdille, 242 F.3d at 496 (internal quotations omitted). Navarro-Celis gave credible testimony as to his subjective fear that he will be jailed or harmed if removed to Venezuela. He also submitted documentary evidence indicating that political persecution currently exists against certain individuals who oppose the present government. Nevertheless, the record does not compel a finding that Navarro-Celis has an objectively reasonable fear that he will be singled out for persecution. As suggested by the BIA, the fact that he lived openly in his hometown for over one year without being arrested or physically harmed after participating in the anti-Chavez march demonstrates that his fear of future persecution is not well founded. See Lie v. Ashcroft, 396 F.3d 530, 536-37 (3d Cir. 2005) (holding that alien's subjective fear of persecution was undermined where she remained in home country for two years after incident of alleged persecution). There is no indication from Navarro-Celis' testimony or from any of the documents in the record that the inclusion of his name on an official list of dissidents signifies that he faces a likelihood of future persecution.

Finally, because Navarro-Celis failed to establish a well-founded fear of future persecution, he also failed to satisfy the higher standard for withholding of removal. See Kibinda v. Attorney General, 477 F.3d 113, 123 (3d Cir. 2007). The BIA

5

properly denied Navarro-Celis' CAT claim because the record evidence does not compel the conclusion that he is "more likely than not" to be tortured if returned to Venezuela. See Tarrawally v. Ashcroft, 338 F.3d 180, 187-88 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2).

For the foregoing reasons, we will deny the petition for review.